Prior v. The State of Georgia

---

JACK PRIOR, plaintiff in error, *v.* THE STATE OF GEORGIA, defendant in error.

(Atlanta, June Term, 1870.)

CRIMINAL LAW—ARREST OF JUDGMENT—SUFFICIENCY OF INDICTMENT—LEGAL PRESUMPTION AFTER VERDICT. —Defendant was indicted for an assault with the intent to murder, and found guilty; a motion was made in arrest of judgment, on the ground that the offence was not sufficiently set forth in the indictment to authorize a judgment to be rendered thereon. The allegation in the indictment is, that the defendant, on the 19th day of December, 1869, with force and arms, in said county, with a certain pistol, of the value of ten dollars, said pistol being a weapon likely to produce death, in and upon one Emanual Mann, in the peace of God and said State, did then and there, unlawfully, wilfully, feloniously, and of his malice aforethought, make an assault, and him, the said Emanuel Mann, then and there, unlawfully, and with his malice aforethought, beat, wound, and ill-treat, with the intent him, the said Emanuel Mann, then and there, to kill and murder, contrary to the laws of said State, etc. The evidence had on the trial is not contained in the record. The 4293d section of the Code declares, that "an assault with intent to murder, by using any weapon likely to produce death, shall be punished," etc. The allegation is, that the defendant beat and wounded the said Emanuel Mann with a pistol, the same being a weapon likely to produce death:

*Held,* that the indictment was sufficient in law to authorize the Court to render judgment thereon, that the legal presumption is, after verdict, that the jury were satisfied from the evidence, that the pistol was of sufficient size to have produced death by beating another with it, as is alleged in the indictment.

Criminal Law. Arrest of Judgment. Before Judge Kirby. Polk Superior Court. February Term, 1870.

The indictment charged Jack Prior "with the offence of

assault with the intent to murder, for that the said Jack Prior, in said county, on the 19th of December, 1869, with force and arms, and with a certain pistol, of the value of ten dollars, said pistol being a weapon likely to produce death, *in and upon one Emanuel Mann, in the peace of God and said State, did, then and there, unlawfully, wilfully, feloniously, and of his malice aforethought, make an assault, and him, the said Emanuel Mann, then and there, unlawfully, feloniously, and with his malice aforethought, beat, wound and ill-treat, with the intent him, the said Emanuel Mann, then and there, to kill and murder, contrary to the laws of said State," etc. Prior was tried and found guilty. What the evidence was does not appear.

His counsel moved in arrest of judgment for the following alleged defects in the indictment: The indictment does not show on its face that the defendant is guilty of any crime, or of the crime named; it does not show that the pistol was loaded with powder and lead, or anything else, making it a weapon likely to produce death; nor charge any use of the weapon, or that the assault was made with a loaded pistol; or that the pistol was shot or fired, or in any other manner used. The Court refused to arrest the judgment and sentenced Prior to the penitentiary for two years.

The refusal to arrest the judgment is assigned as error on each of said grounds.

J. W. H. Underwood. Thompson & Turner, for plaintiff in error.

C. D. Forsyth, Solicitor General, by John D. Pope, for the State.

WARNER, J.

The error assigned to the judgment of the Court below in this case, is in overruling the motion of the defendant to arrest the judgment. The 4293d section of the Code declares that, "An assault with intent to murder, by using any weapon likely to produce death, shall be punished," etc. The allegation in the indictment is, that the defendant beat and wounded the said Emanuel Mann, with a certain pistol, the same being a weapon likely to produce death. The evidence had upon the trial does not appear in the record. In our *judgment, the indictment was sufficient in law to authorize the Court to render judgment thereon. The legal presumption after verdict is, that the jury were satisfied from the evidence, that the pistol was of sufficient size to have produced death, by beating and wounding another with it, as is alleged in the indictment.

Let the judgment of the Court below be affirmed.