### THE STATE v. THOMAS SWANN.

In an indictment, under the Act of 1868-'9, ch. 167, sec. 8, for an assault with a deadly weapon with intent to kill. it is sufficient to charge that the assault was made " with a certain pistol then and there loaded with gun-powder and one leaden bullet," without stating that it is a " fire-arm " or " deadly weapon," because the Court can see and will take notice that a loaded pistol is both.

An assault with a deadly weapon with intent to kill is not made a felony by the Act of 1868-'9, ch. 167, sec. 8, and therefore it is not necessary to charge that the assault was made with a felonious intent.

This was an indictment for an assault with a deadly weapon with intent to kill, tried before his Honor, *Cloud, J.,* at the last Term of the Superior Court for the County of Mc-Dowell.

The indictment was founded upon the Act of 1868-'69,

ch. 167, sec. 8, and charged that the assault was made upon the prosecutor, William Forney, " with a certain pistol, then and there, loaded with gunpowder, and one leaden bullet," with intent to kill him.

After conviction, the defendant's counsel moved in arrest of judgment because,

1st. The bill of indictment failed to charge that the assault was made with a deadly weapon, and did not describe the weapon as being fire-arms, under the statute.

2nd. That the indictment did not charge that the assault was committed willfully, feloniously and with malice aforethought.

The motion in arrest was overruled, and the defendant was sentenced to the State's prison at hard labor for ten years, from which he prayed and obtained an appeal to the Supreme Court.

*Attorney General*, for the State.

No counsel for the defendant.

READE, J. 1. It is not necessary that an indictment under a statute should be in the very words of the statute—as where the statute makes it indictable and punishable in the Penitentiary for one to shoot at another with "any kind of fire-arms," it is sufficient to charge that it was " with a certain pistol, then and there, loaded with gunpowder and one leaden bullet," because the Court can see that this is a "fire-arm."

And so it was not necessary to charge that it was a "deadly weapon " in the words of the statute; because the Court will take notice that a loaded pistol within carrying distance is a deadly weapon.

2. The statute, Acts 1868-'69, ch. 167, sec. 8, does not make the offence charged a felony, and therefore it was not necessary to charge that it was done with a felonious intent.

There is no error. This will be certified.

PER CURIAM.                    Judgment affirmed.