HARRISON WILLIAMS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

[McCay, J., was providentially prevented from presiding in this case.]

1. An indictment charging the defendant with the forgery of a bank check, payable to the order of ......, should be quashed on demurrer.
2. The check was not payable to bearer nor to the order of any named person, and was therefore so incomplete and imperfect that no one could have been defrauded by it.
3. An indictment for forgery must specify the person intended to be defrauded.

Criminal law. Indictment. Forgery. Bank check. Before Judge SCHLEY. Chatham Superior Court. May Term, 1873.

For the facts of this case, see the decision.

THOMAS R. MILLS, Jr., for plaintiff in error.

No appearance for the state.

WARNER, Chief Justice.

The defendant was indicted for the offense of forgery. In the indictment he was charged with, falsely and fraudulently, making and signing a certain false, fraudulent and forged bank check, in the words, letters and figures, printed and written, as follows, to-wit:

"No. 76.  Savannah, Ga., May 24th, 1873.  Central Railroad and Banking Co.  pay to the order of ........ three hundred and sixty dollars.      (Signed)      J. LAMA."

The defendant was also charged, in one of the counts of the indictment, with having falsely and fraudulently uttered and

published as true the forged and counterféit check above described, knowing the same to be counterfeit and forged, with intent to defraud, but it is not alleged *who* he intended to defraud. On arraignment, the defendant demurred, in writing, to the sufficiency of the indictment, which demurrer was overruled, and the defendant excepted. The case then proceeded to trial, and the jury found the defendant guilty on the second count in the indictment. The exceptions to the charge of the court, and refusal to charge as requested, are substantially embraced in the exception to the overruling the demurrer, and will be considered together.

1. The demurrer to the indictment was on the ground that the bank check alleged to have been forged was incomplete, and could not have defrauded any one. The check was not payable to bearer, or to the order of any named person, and therefore was incomplete as a bank check, and could not have defrauded the bank or the drawer of the check.

2. In the case of The People *vs.* Galloway, 17 Wendell's Reports, 540, the cases bearing upon this question were reviewed, and the principle to be deduced from them is, that if the instrument alleged to have been forged is so imperfect and incomplete that no one can be defrauded by it, then the defendant cannot be convicted of that offense.

3. Besides, it is not alleged in this indictment that the defendant intended to defraud any person by the making, signing, uttering or publishing the instrument described in the indictment. The indictment alleges that it was done by the defendant with intent to defraud, but who he intended to defraud is not alleged. The court erred in overruling the demurrer to the indictment.

Let the judgment of the court below be reversed.