COMMONWEALTH *vs.* HENRY M. FENNO.

Middlesex.   November 26, 27, 1877. — October 18, 1878.

An indictment charging that A. "in and upon one B., with a certain dangerous
weapon, to wit, with a pistol then and there loaded with powder and a leaden ball,
with which dangerous weapon the said A. was then and there armed, feloniously,
wilfully and of his malice aforethought did make an assault, with intent the said
B. then and there, with the pistol aforesaid, feloniously, wilfully and of his malice
aforethought to kill and murder," sufficiently sets forth an assault with a danger-
ous weapon; and is sustained by proof of an assault by shooting with the pistol.

INDICTMENT charging that the defendant, on November 29,
1876, at Somerville, "in and upon one James B. Hardy, with a
certain dangerous weapon, to wit, with a pistol then and there
loaded with powder and a leaden ball, with which dangerous
weapon the said Henry M. Fenno was then and there armed,
feloniously, wilfully and of his malice aforethought did make an
assault, with intent the said James B. Hardy then and there,
with the pistol aforesaid, feloniously, wilfully and of his malice
aforethought to kill and murder."

In the Superior Court, before the jury were empanelled, the
defendant filed a motion to quash the indictment, assigning the
following reasons therefor: "1. Because it is not alleged therein
that the pistol, alleged to be a dangerous weapon, was capped or
capable of being discharged.   2. Because there is no averment
therein that the defendant aimed said pistol or discharged it at
or towards any person.   3. Because the indictment is generally
uncertain and void in law."   *Putnam,* J., overruled the motion;
and the defendant excepted.

At the trial, the government introduced evidence tending to
prove that the defendant was armed with a large sized revolving
pistol, loaded with powder and ball, which was made to be dis-
charged by means of a hammer striking upon a metallic car-
tridge containing the powder and ball, the end of which is ex-
plosive and ignites the powder which throws out the ball; and
that the defendant aimed and discharged the pistol at Hardy,
within effective range of a pistol of that size, the bullets passing
near the head of Hardy, so that he heard the whiz of one of
them, but at such a distance that no assault could have been

made upon him by striking him with the pistol itself, or by using it in any other way than by discharging it as a firearm.

The defendant requested the judge to rule that the government had failed to prove the charge alleged in the indictment by reason of variance; but the judge refused so to rule, and instructed the jury that the evidence, if they believed it, was evidence of an assault with a pistol upon Hardy.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. H. Bradley*, for the defendant.   1. The motion to quash the indictment should have been granted, for the following reasons : Because the indictment does not allege that the pistol was capped or capable of being discharged.   3 Greenl. Ev. § 59, and cases cited.   Because it does not allege that the defendant aimed the pistol or discharged it at or towards any person, or used it as a firearm ; or so describe the assault as to apprise the defendant of the nature of the offence for which he was to be tried.   *Blake* v. *Barnard*, 9 Car. & P. 626.   *Regina* v. *Baker*, 1 Car. & K. 254.   *Regina* v. *James*, 1 Car. & K. 530.   *Commonwealth* v. *Creed*, 8 Gray, 387.   *Commonwealth* v. *Lang*, 10 Gray, 11.   *Commonwealth* v. *White*, 110 Mass. 407.   *Commonwealth* v. *O'Brien*, 119 Mass. 342.   *Beasley* v. *State*, 18 Ala. 535.   *Trexler* v. *State*, 19 Ala. 21.   *Tarver* v. *State*, 43 Ala. 354.   *State* v. *Johnston*, 11 Texas, 22.   1 Archbold Crim. Pract. (8th Am. ed.) 909 note. Because it does not appear, from the description of the weapon or its use, that it is a dangerous weapon described in the statute, and the government is as much bound by the description as if a similar specification had been ordered by the court.   *Commonwealth* v. *Snelling*, 15 Pick. 321.   *Commonwealth* v. *Giles*, 1 Gray, 466.   All the material facts and circumstances constituting the offence should have been set forth, that it may appear whether it was under the Gen. Sts. *c.* 160, § 20, or under § 23. *Commonwealth* v. *Strain*, 10 Met. 521.   *Johnson* v. *State*, 14 Georgia, 55.

2. The instructions asked for should have been given.   The indictment only charges an assault with the pistol used as a club, while the evidence tended to prove an assault by shooting with the pistol.

*W. C. Loring,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth. 1. The motion to quash was rightly overruled. The allegation, " the defendant with a certain dangerous weapon, to wit, with a pistol loaded with powder and a leaden bullet, did make an assault," was a sufficient description of the means with which the assault was committed. *Commonwealth* v. *Creed,* 8 Gray, 387. *Commonwealth* v. *O'Brien,* 119 Mass. 342. *State* v. *Chandler,* 24 Misso. 371. *People* v. *English,* 30 Cal. 214. *State* v. *Swann,* 65 No. Car. 330. *State* v. *Croft,* 15 Texas, 575. *Martin* v. *State,* 40 Texas, 19. In no case has it been held that the means are not sufficiently charged, when charged as they are in the case at bar. The allegation, that he committed an assault with a loaded pistol, is as explicit as the usual allegation, that he did beat, wound and strike ; and would not have given any more aid to the defendant, if it had been amplified by adding, " and discharged said pistol at said Hardy, and struck at said Hardy with said pistol." It is never necessary to set forth the means with which the defendant intended to effect the murder. *People* v. *Pettit,* 3 Johns. 511. *State* v. *Dent,* 3 Gill & Johns. 8. Dargan, C. J., in *Beasley* v. *State,* 18 Ala. 538, 539, and in *Trexler* v. *State,* 19 Ala. 22.

2. There was no variance. Making an assault with a pistol means either aiming or shooting it at the person assaulted, or attempting to strike him with it. *State* v. *Shepard,* 10 Iowa, 126.

GRAY, C. J. The court is unanimously of opinion that the indictment sufficiently sets forth an assault with a dangerous weapon, and that the motion to quash was therefore rightly overruled ; and, in the opinion of a majority of the judges, the accusation is not limited to one of an assault with a pistol used as a club or bludgeon, but may be supported by evidence of using the pistol, in the way in which a loaded pistol is ordinarily used, by pointing and shooting at the person alleged to have been assaulted, and it was therefore rightly held that there was no variance between the indictmen. and the proof.

*Exceptions overruled.*