### GEORGE I. BROWN
### v.
### JOSEPH WALKER.

*Replevin—Identity of Pigs—Alleged Improper Remark of Trial Judge —Instructions.*

1. In an action of replevin, brought to recover possession of some pigs, where the question was one of identity, which was in some respects a

matter of opinion, the verdict of the jury is entitled to the same weight as upon a pure question of fact.

2. A ruling of the trial court on a question of admitting certain testimony, can not be complained of where the complaining party received the benefit of all the evidence of the witness to which he was entitled.

3. An instruction setting forth that the jury in determining the credibility of witnesses should take into consideration their interest in the result of the suit, and the relationship of any of them to either party to the suit, or any other feeling or interest they may appear to have in the case, is proper.

4. In the case presented, this court holds that certain remarks of the trial judge made in the course of the trial can not be complained of.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Clark County; the Hon. J. F. HUGHES, Judge, presiding.

Messrs. S. S. WHITEHEAD and J. W. GRAHAM, for appellant.

Messrs. GOLDEN & HAMILL, for appellee.

*Per Curiam.* This was an action of replevin for six pigs, begun before a justice and appealed to the Circuit Court. Verdict and judgment for plaintiff. The question involved was one of identity, and more than twenty witnesses were examined upon it. Many on each side were confident, for reasons stated. A more appropriate case for final decision by a jury could hardly be imagined. A verdict either way, in such a case, should stand undisturbed, unless material error in law had intervened.

It is suggested the same defense is not due to the finding here as where there is a conflict of evidence as to facts and the credibility of witnesses is to be determined; that here there was no such conflict; that the facts were uncontroverted and the testimony could have been reconciled; and that thereupon the verdict should, indeed must, have been for the defendant.

Plaintiff's witnesses testified to facts respecting plaintiff's pigs, which were uncontroverted as to them, but these may all have been untrue as to the pigs he replevied. Defendant's

witnesses testified to many facts concerning defendant's pigs, which were also uncontroverted, but these may all have been untrue as to the pigs in controversy. Each side so claimed. The facts stated on both could not have been true as to those in controversy, but only those stated on one. Who but the jury was to determine which? They are to determine what witnesses are mistaken as to opinions founded on facts undisputed, where such opinions are admissible, and the application of such facts to the subject in controversy, as upon a question of identity no less conclusively than where facts only are involved, which depend on the memory, intelligence, attention or veracity of the witnesses.

The action of the court in several particulars is complained of. While the constable, with the plaintiff and others, was driving the pigs from defendant's premises under the writ of replevin, defendant's father appeared on the scene, and had some conversation with Mr. Evinger, of plaintiff's party, about the ownership of the property. He did not state that plaintiff heard or could have heard it. On the contrary he said he could not so state; and all he said on that point, further, was: "I guess he has ears; he was not very far off." The court might, therefore, have properly excluded the whole conversation. But the witness went on, without objection, stating what he claimed as to the ownership, and what Evinger said, until he said, "I told him if he was as anxious to pay his honest debts—"when counsel for plaintiff interposed an objection "to the conversation" which the court sustained, with the remark, "I don't think anything said there will settle this question," in relation to which the record states that "counsel for defendant excepts," but whether to the language of the judge or to the exclusion of the testimony does not appear therefrom. The complaint here made is of the language, and several cases are cited to show its impropriety. We have examined these authorities and think them inapplicable. The judge expressed no opinion as to the weight of any evidence admitted, but simply a legal opinion as to evidence offered, or being given— excluding it. If counsel knew of anything the witness could have stated that bound the plaintiff by reason of his presence,

hearing and silence, and which was pertinent, he should have
called the court's attention to it, and offered to prove it.   So
far as then appeared the conversation was immaterial and im-
proper, and the witness was apparently beginning an imperti-
nent and offensive remark.   It was high time then, for the
judge, of his own motion, to arrest it and exclude the whole
matter.   He did it upon objection made, and, as we think, in
a manner that was sufficiently mild.   His language simply
expressed his legal opinion that "the conversation" was im-
material, and had no relation to anything else that might have
been said by or to or in the hearing of plaintiff on that
occasion.

Plaintiff claimed and introduced evidence tending to prove
that his pigs were marked with a swallow fork in their ears,
and that the ears of those in controversy had been recently
cut off, but that in some of them the mark was still visible.
Defendant claimed they had been frozen off and not cut, and
introduced evidence tending to prove that the ears of these
and also of other pigs on his place had been frozen.   He
called Dr. Tobey, as an expert, to testify to his observation of
the ears of other hogs on defendant's place, "said to have
been frozen off during the same winter," and "to give the
conditions as to the effect of freezing."   The court said
"he can do that without the interview about the hogs on
Brown's place, if he is an expert," and excluded the proposed
evidence as to them.   This is claimed to have been error.
It appears that the witness then went on and gave his
opinion about the ears of the pigs in controversy, from per-
sonal examination of them, and also from comparison of them
with those of other hogs he observed, and with the ears of
some he knew to have been cut.   We think the defendant got
the full benefit of all the evidence he was entitled to, not-
withstanding the ruling in question.   The witness stated that
on the Monday preceding his examination as a witness he
"examined Mr. Walker's hogs on his place and those in con-
troversy, Mr. Simmon's hogs and the hogs of defendant,
Brown," and gave his opinion, on the subjects of inquiry, fully,
with his reasons therefor.   If anything sought to be put in the
case was shut out by this ruling, counsel has not indicated it

Brown v. Walker.

and we do not discover it from the record, unless it was an "interview" with the defendant. We therefore deem it unnecessary to pass upon the propriety of the ruling.

By agreement the court instructed the jury orally, and, among other things, in so doing, said: "In determining the credibility of witnesses you will take into consideration their interest in the result of the suit, and the relationship of any of the witnesses to either party to the suit, or any other feeling or interest they may appear to have in the case." It is said this tells the jury that relatives have interest and feeling because they are relatives, and discredits them.

We do not so understand it, nor do we perceive any valid objection to it. The court assumed nothing as to any matter of fact, nor expressed any opinion as to the credibility of any witness, but left it exclusively to the jury, to be determined, on grounds alike and equally applicable to the witnesses on each side—grounds clearly recognized by law and sound reason, and always urged in argument to the jury, where they apply.

It is also objected that in the course of his instruction the judge said that the controversy ought to end with that trial. This was said as a reason why the jury "should make an earnest effort to. agree." In this class of cases there is apt to be unusual difficulty in reaching an agreement, and the costs of a single trial is usually out of all proportion to the value of the property in controversy. The remark was natural and not inappropriate. It certainly was impartial in all its bearing. The entire charge as it appears in the record seems to us eminently simple, clear, brief and fair.

Perceiving no material error in the case the judgment will be affirmed.

*Judgment affirmed.*