THE MICHIGAN CONDENSED MILK COMPANY (A CORPORATION) v. HARRIET WILCOX.

*Dairy products—Sale—Adulteration—Damages—Jurisdiction—Evidence—Cross-examination—Vexatious appeal.*

1. It is always proper to show the relation which a witness bears to the party litigant, and also what interest he has exhibited in the prosecution or defense of the suit, and what part he has taken, if any, as affecting his credibility before the jury.

2. Where an expert witness based his testimony that certain samples of milk furnished him contained a larger per cent. of water, and a smaller per cent. of fat, than they ought, if unadulterated, upon comparisons and tests made of other samples of milk, he may be examined on cross-examination as to the results of such comparisons and tests.

Error to Ingham. (Peck, J.) Argued October 25, 1889. Decided December 28, 1889.

Case. Plaintiff brings error. Affirmed, and $30 as damage for vexatious appeal allowed. The facts are stated in the opinion.

*Jay P. Lee (Edward Cahill,* of counsel), for appellant.

*R. A. Montgomery,* for defendant.

CHAMPLIN, J. The plaintiff, a corporation, commenced its action upon the case on July 6, 1888, to recover damages for fraud alleged to have been perpetrated upon the plaintiff by defendant in carrying out a milk contract entered into on March 29, 1888.

The contract provided, among other things, that the defendant should sell to the plaintiff, and deliver at its milk receiving room in the city of Lansing, all the milk produced at her dairy in the township of Delhi, in Ingham county, excepting the Saturday evening and Sunday morning's milk, and excepting also so much as might be necessary for the personal family use of defendant's family, the milk furnished to be paid for on the first Wednesday after the last Saturday of each month at the rate of $1 per 100 pounds from April 1 to December 1, and $1.20 per 100 pounds from December 1 to April 1. The defendant delivered milk to the plaintiff from April 2 to June 7, when, having been notified that the company would no longer receive the milk from her dairy, she ceased sending milk to its factory. It was claimed

by the plaintiff upon the trial that, soon after the defendant commenced delivering milk to the company, it was discovered by the company's milk inspector that the milk furnished by defendant was much below the average of normal milk in the fats contained, and that the milk had been, fraudulently, either skimmed or adulterated by the addition of water, or both.

The declaration contains two counts,—one under the statute (How. Stat. § 2244), the other a common-law count. The case was tried at the November term, and upon the application of plaintiff a new trial obtained. It was again tried at the March term, and a verdict returned for the defendant. The fraud alleged in both counts of the declaration is that—

" On April 2, A. D. 1888, and on divers other days and times between that day and the date of commencement of this suit, the defendant, knowingly, wrongfully, and fraudulently delivered to said plaintiff said milk, skimmed, and adulterated by the addition of water thereto," to the damage of the plaintiff $150.

The testimony is all returned and printed in the bill of exceptions. It appears that the milk delivered by the defendant was the product of two cows, and the total quantity delivered was 2,844 pounds, for which she received, according to the contract price, $28.44.

No special damages are alleged in the declaration; and no damages were proved upon the trial, except that plaintiff purchased the milk by weight, and, according to the testimony of Dr. Kedzie, that there was an excess of water in the milk of one-fifth or one-sixth. If this should be taken as the basis, the damages would not exceed $5.68. If the whole quantity delivered had been pure water, and the plaintiff paid for it by the pound, and that was the only damage suffered, neither under the statutory count nor the other count in the declaration would the circuit

court have jurisdiction. It is very strange that the plaintiff did not resort to justice's court in the first instance.

Error is assigned upon the rulings of the court in not excusing one juror for cause, and in excusing another without sufficient cause. We think the court exercised a reasonable discretion in both instances, and we are not inclined to reverse the case upon these grounds.

Error is also alleged upon rulings of the court in permitting certain interrogatories to Dr. Kedzie. It appears that Dr. Kedzie had, at plaintiff's request, examined several samples of milk furnished by plaintiff, with a view of ascertaining by analysis whether the milk had been adulterated; and he was produced upon the trial as an expert, and gave testimony concerning the results of his investigations; and his testimony tended to show that the sample furnished him, which was claimed to be from the milk delivered by defendant, contained a larger per cent. of water, and a smaller per cent. of fat, than it ought, if it was unadulterated milk. The defendant's attorney was allowed a pretty large latitude in the cross-examination, and was permitted to examine the witness as to the results of other samples furnished him by plaintiff for analysis. We see no error in this. The witness' testimony was based entirely upon comparison in arriving at the percentage of fatty solids in pure milk; and he based his judgment of what should be considered as the normal condition of milk, as containing certain proportions of fat in a given quantity or weight, entirely upon his tests derived from a large number of experiments.

We do not think the errors assigned upon the examination of the witnesses who were connected with the plaintiff corporation are well taken. It is always proper to show the relation which the witness bears to the party

litigant, and also what interest he has exhibited in the prosecution or defense, and what part he·has taken, if any, as affecting his credibility before the jury.

After a careful consideration of all the errors assigned, we do not find any that calls for a reversal of the judgment, and it is affirmed. We think this a case that calls for the assessment of damages for vexatious appeal, and we allow $30 for such damage.

The other Justices concurred.