## KEESIER v. THE STATE.

[No. 19,127. Filed February 21, 1900.]

CRIMINAL LAW.—*Evidence.*—*Assault with Intent to Kill.*—A verdict convicting defendant of assault and battery with intent to commit voluntary manslaughter will not be disturbed on appeal on the evidence, where there was evidence that defendant, while driving along the road in a sleigh, met the prosecuting witness, who was driving a team of horses attached to a sled loaded with logs, called out to the driver to give him the road, and, upon reply of the driver that he could not, jumped out of the sleigh, and said, with an oath, "you can give the road, I will kill you," and drew his revolver and fired at the driver. *pp. 244, 245.*

SAME.—*Instructions.*—Instructing the jury in a prosecution for assault with intent to kill that the felonious intent alleged in the indictment might be inferred from the evidence, if facts were proved which satisfied the jury beyond reasonable doubt of its existence, without a statement or description of the acts or declarations which would authorize such inference, was not reversible error, where the jury were clearly informed in another instruction of the character of the evidence from which such intent might be presumed. *p. 245.*

SAME.—*Evidence.*—*Deadly Weapon.*—Proof that the weapon used was a Smith & Wesson revolver of thirty-two caliber was a sufficient basis for an instruction as to the use of a deadly weapon in a prosecution for assault with intent to kill, without specific evidence that the weapon used was a deadly one. *p. 245.*

Keesier v. State.

CRIMINAL LAW.—*Instructions.*—*Relationship of Witnesses to Accused.*
—An instruction in the trial of a criminal action that in determin-
ing the weight to be given to the testimony of the different wit-
nesses they might take into account, among other things, the re-
lationship they sustained, if any, to the accused, was not erroneous.
*pp. 245, 246.*

SAME.—*Instructions.*—*Reasonable Doubt.*—*Influence of Fellow Jury-
men.*—An instruction that a doubt as to the guilt of the accused in
the minds of one or more of the jurors ought not to control the ac-
tion of the other jurors, if any, so as to compel them to agree to a
verdict of acquittal, if convinced beyond a reasonable doubt of the
guilt of defendant, was not erroneous, where the jury were also in-
structed that if any one of them, after duly considering all of the
evidence in the case, and consulting with his fellow jurymen, enter-
tained a reasonable doubt as to the guilt of the defendant, or as to
the existence of any fact or element necessary to constitute his
guilt, the jury could not convict the defendant. *pp. 247, 248.*

APPEAL AND ERROR.— *Evidence.*— *Immaterial Question.*—Available
error cannot be predicated upon the ruling of the court upon a
question and answer wholly immaterial to the issues. *p. 248.*

CRIMINAL LAW.—*Intimidation of Witnesses.*—*Evidence.*—Evidence of
attempts on the part of accused to bribe or intimidate witnesses may
be properly considered in determining the guilt or innocence of the
accused, and is admissible for such purpose. *p. 248.*

MISCONDUCT OF COUNSEL.—*Argument.*—*Criminal Law.*—Overruling
an objection to a statement by the prosecuting attorney in his argu-
ment to the jury in a prosecution for assault with intent to kill,
that when defendant drew his revolver the prosecuting witness ran,
"and it was well for him that he did run, when you consider the
character of the defendant as shown by the evidence," is not revers-
ible error, since the word "character" was, perhaps, inaccurately
used instead of "disposition," and the allusion was not to the im-
peaching testimony, but to the evidence of his actions and behavior
at the time of the assault. *pp. 248, 249.*

From the Jay Circuit Court. *Affirmed.*

*Richard H. Hartford,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, C. C.
Hadley* and *D. E. Grimes,* for State.

DOWLING, J.—The appellant was indicted for a felonious
assault upon one Erwin Hall, with the intent to kill and
murder the said Hall by shooting him with a revolver. Trial
by jury. Verdict of guilty of assault with intent to commit
voluntary manslaughter. The verdict also found that the

appellant was a male person over the age of thirty years, and that his true age was forty-two years. Motion for a new trial overruled. Judgment on verdict in accordance with the indeterminate sentence act. Motions to modify judgment overruled. The several rulings of the court are assigned for error.

It is first objected that the verdict is contrary to law, and is not sustained by sufficient evidence. It was shown by the proof that on December 8, 1898, at the county of Jay, the appellant, while driving a horse attached to a buggy mounted on runners, met the prosecuting witness, Hall, who was driving a team of horses drawing a sled loaded with logs, on a highway; that a heavy snow-drift had narrowed the road at the place of meeting, and that appellant, who feared a collision with the sled, called out to the driver of the sled to give him the road. Hall answered that he would as soon as he could, another sled loaded with logs having stopped immediately in front of him. Appellant jumped from his vehicle and said, with an oath. "You can give the road, you son of a bitch." Drawing a revolver, appellant said to Hall, "I will kill you." He then ran toward the heads of the horses driven by Hall, and, as Hall fled from his team, appellant fired at him, the ball whistling near Hall's person. These facts, with other details of the transaction, were testified to by the prosecuting witness, and by several other witnesses for the State. The appellant, who was examined as a witness on his own behalf, denied that he made any threat, denied that he drew a revolver, and swore that he did not fire his pistol at all until sometime after he had passed Hall, and that he discharged it only for the purpose of making his pony travel faster. He was corroborated by his wife, who was riding in the vehicle with him, and in some particulars his account of the affair was sustained by the testimony of his other witnesses. The evidence was conflicting, but, if the witnesses for the State were believed, there was amply enough to sustain the verdict. It was the especial province

of the jury to weigh the conflicting statements of the witnesses, to determine the question of the credibility of each, and to decide what facts were proved. The presumption is that they performed their duty intelligently and properly, and this court cannot reëxamine the grounds of their decision, or weigh the evidence upon which that decision rested.

It is next objected that the court erred in stating to the jury in the tenth instruction that the felonious intent alleged in the indictment might be inferred from the evidence, if facts were proved which satisfied the jury beyond reasonable doubt of its existence. The supposed defect in the instruction is the omission of a statement or description of the acts or declarations which would authorize such inference. The defect, if any existed, was supplied by the eleventh instruction, which clearly informed the jury of the character of the evidence from which such intent might be presumed.

The eleventh and thirteenth instructions are complained of on the ground that they advised the jury that an unlawful intent to kill might be inferred, under certain circumstances, from the use of a deadly weapon. Counsel for appellant say that the court was not justified in giving these instructions because there was no proof that the weapon used by the appellant was a deadly one, and for the further reason that it was not introduced in evidence, or exhibited to the jury for inspection. There is nothing in the objection. Used as a gun, a loaded pistol, within carrying distance, is a deadly weapon. *State* v. *Swann*, 65 N. C. 330; *Commonwealth* v. *White*, 110 Mass. 407; *Commonwealth* v. *Fenno*, 125 Mass. 387; *State* v. *Painter*, 67 Mo. 83; *Prior* v. *State*, 41 Ga. 155. Besides, there was evidence that the appellant drew the revolver, and with the declaration, "I will kill you", fired it in the direction of the prosecuting witness. It was proved that the weapon used was a Smith & Wesson revolver of thirty-two caliber. This evidence was a sufficient basis for the instructions.

In giving the seventeenth instruction, the court violated

no rule of law in saying to the jury that they were the exclusive judges of the facts, and of the credibility of the witnesses, and that, in determining the weight to be given to the testimony of the different witnesses, they might take into account, among other things, the relationship they sustained, if any, to the accused. This instruction in nowise invaded the province of the jury. Nor is it objectionable as singling out a particular witness, or class of witnesses, as objects of suspicion or distrust. *Stevens* v. *Leonard, ante,* 67, and cases cited.

In *Nelson* v. *Vorce,* 55 Ind. 455, cited by counsel, the objectionable portion of the charge was this: "The evidence of parties to the action, and those related to them, as their sons and daughters, is not entitled to as much weight as the evidence of disinterested witnesses." This statement was justly condemned, and the court say: "Such relationship, either to the action, or to a party to the action, may or may not detract from the weight which his evidence is entitled to; but whether it does or does not, in any case, is a question for the jury and not for the court." In the present case, the court did not indicate to the jury that the fact of such relationship did or ought to detract from the weight of the evidence of such related witness, or from his credibility, but, it properly left those questions entirely to the determination of the jury. The instruction in *Bradley* v. *State,* 31 Ind. 492, was disapproved because it cast discredit upon a medical witness for the reason that he came from another state, with the expectation that his expenses would be paid by the party calling him. Where near relatives of a party are called by him as witnesses, such relationship is always a proper matter for the consideration of the jury in estimating the value of their testimony, and the court may so instruct the jury; but it would not be proper for the court to say that the testimony of witnesses so related was entitled to less weight on account of such relationship. The weight of the testimony given is to be determined exclu-

Keesier v. State.

sively by the jury. *People* v. *Bush*, 71 Cal. 602, 12 Pac. 781; *State* v. *Nash*, 8 Ired. (N. C.) 35; *Brown* v. *Walker*, 32 Ill. App. 199; *Allen* v. *Kirk*, 81 Iowa 658, 47 N. W. 906; *Michigan, etc., Co.* v. *Wilcox*, 78 Mich. 431, 44 N. W. 281; *State* v. *Bacon*, 13 Ore. 143, 9 Pac. 393, 57 Am. Rep. 8; *State* v. *Nash*, 10 Iowa 81; *State* v. *Parker*, 39 Mo. App. 116. At least three near relatives of the appellant were called by him as witnesses, and were examined on his behalf. The fact of such relationship was a legitimate subject for comment in the argument, and we think it was entirely proper for the court to say to the jury, for their information and guidance, that, in determining the weight to be given to the testimony of witnesses, they might take into account their interest, or want of interest in the case, their manner on the stand while testifying, the probability or improbability of their testimony, and the relationship they sustained, if any, to the accused. Such general observations were nothing more than statements of well established rules, recognized by all courts, for estimating the value and weight of evidence, and the credibility of witnesses, and the jury were entitled to the information that they might apply these rules.

It is next insisted that the twenty-fourth instruction was erroneous, because it stated that a doubt as to the guilt of the accused in the minds of one or more of the jurors ought not to control the action of the other jurors, if any, so as to compel them to agree to a verdict of acquittal, if convinced beyond a reasonable doubt of the guilt of the defendant. The jury had been told in the preceding part of the same instruction that if any one of the jurors, after duly considering all the evidence in the case, and consulting with his fellow jurymen, entertained a reasonable doubt as to the guilt of the defendant, or as to the existence of any fact or element necessary to constitute his guilt, the jury could not convict the defendant. Having said this much, it was not improper for the court to add that such doubt in the minds of one or more of the jurors should not compel those who,

upon the other hand, were convinced beyond a reasonable doubt to yield their convictions, and join in a verdict of acquittal. The effect of the instruction was merely to impress the members of the jury with a sense of individual responsibility and personal independence in the discharge of their important duties. *Richardson* v. *Coleman,* 131 Ind. 210; *Clem* v. *State,* 42 Ind. 420, 13 Am. Rep. 369.

The question asked the witness Eley as to the width of the vehicle in which the appellant was riding, as compared with other vehicles of the same kind, was wholly immaterial, and the answer to the question was equally so. No error can be predicated upon the ruling of the court upon this question and answer.

The court, over the objection and exception of the appellant, permitted the State to prove a conversation which took place, sometime after the alleged assault, between the appellant and one of the principal witnesses for the State, in which, after an ineffectual effort to induce the witness to enter his employment, the appellant said: "If you give us any trouble, and send me over the road, or so I will go there, I have brothers that will watch you all your life." This evidence was competent, and the court did not err in admitting it. Attempts to bribe, or intimidate witnesses may be properly considered in determining the guilt or innocence of a person charged with crime; but they are not conclusive. *Martin* v. *State,* 28 Ala. 71; *Moriarty* v. *London, etc., R. Co.,* L. R. 5 Q. B. 314; *Jones* v. *State,* 64 Ind. 478, 479; *Adams* v. *People,* 9 Hun 89; *Chicago City R. Co.* v. *McMahon,* 103 Ill. 485; *Snell* v. *Bray,* 56 Wis. 156, 14 N. W. 14; *Regina* v. *Justices of Cornwall,* 20 W. R. 669; *Dean* v. *Commonwealth,* 4 Gratt. 541. Such conduct is regarded as in the nature of an admission that the party has a bad case, which cannot be supported by honest proof.

In the course of the argument, the prosecuting attorney used this language: "When the defendant came around the back part of his buggy, and drew his revolver from his

pocket, Hall slid off the sled, and started to run; and it was well for him that he did run, when you consider the character of the defendant as shown by the evidence." This statement was objected to by counsel for appellant, who asked that it be withdrawn from the jury, and the jury instructed to disregard it. The court overruled the objection and motion, with the remark, "I don't think the argument improper." Appellant, thereupon, excepted, and moved that the jury be discharged. His motion was overruled, and he now complains of the action of the court as error.

Evidence had been introduced impeaching the character of the appellant as a witness, and counsel seem to think the allusion of the prosecutor was to this testimony, and that such misconduct ought to reverse the judgment. If the reference was to the impeaching evidence, such reference was improper and illogical, but we cannot say that it would be ground for reversal. *Morrison* v. *State*, 76 Ind. 335. We think, however, that the allusion was not to the impeaching testimony, but to the evidence of the actions and behavior of the appellant at the time of the collision on the highway. A natural inference from his conduct at that time was that he was unreasonable, overbearing, violent, and reckless of human life. The word "character" was, perhaps, inaccurately used where "disposition" was evidently meant. The rulings of the court upon the questions presented were correct. *Shular* v. *State*, 105 Ind. 289, 55 Am. Rep. 211.

The last objection discussed by counsel for appellant relates to the constitutionality of the act approved March 8, 1897, known as the "Indeterminate Sentence Law", and the form of the judgment in this case. That act has repeatedly been held constitutional, and the form of the judgment is authorized by its provisions. *Miller* v. *State*, 149 Ind. 607, 40 L. R. A. 109; *Wilson* v. *State*, 150 Ind. 697; *Vancleave* v. *State*, 150 Ind. 273; *Hunter* v. *State*, 150 Ind. 696; *Skelton* v. *State*, 149 Ind. 641; *Davis* v. *State*, 152 Ind. 145. Finding no available error in the record, the judgment is affirmed.