## 11639.  HOWELL *v.* THE STATE.

An indictment drawn under section 245 of the Penal Code of 1910, which fails to set forth the name of any person, firm, or corporation that the defendant intended to defraud, is fatally defective, and a verdict and judgment of guilty upon a trial under the indictment are void and mere nullities, and a motion to arrest the judgment should be sustained notwithstanding that the indictment was not demurred to.

> DECIDED JULY 28, 1920.

Indictment for forgery; from Bibb superior court — Judge
Thomas presiding. May 15, 1920.

*Hubert F. Rawls, Charles A. Glawson, W. J. Grace,* for plaintiff
in error.

*Charles H. Garrett, solicitor-general,* contra.

BROYLES, C. J. The indictment in this case was drawn under
section 245 of the Penal Code of 1910, which reads as follows:
"If any person shall fraudulently make, sign, forge, counterfeit,
or alter, or be concerned in the fraudulent making, signing, forg-
ing, counterfeiting, or altering of any other writing not herein
provided for, or shall fraudulently utter, publish, pass, or tender
the same, knowing the said writing to be forged, or counterfeited,
or falsely and fraudulently altered, *with intent to defraud any
person, firm or corporation,* or shall fraudulently cause or procure
the same to be done, he shall be punished by imprisonment and labor
in the penitentiary for not less than two years nor longer than
five years." (Italics ours.)

All criminal statutes must be strictly construed, and so constru-
ing this section of the Penal Code (which is based upon a statute:
Cobb's Dig. 802; Acts 1907, p. 57), it clearly appears that, to con-
stitute a violation thereof, there must be an intent to defraud some
particular person, firm, or corporation, and that an indictment
drawn thereunder which does not charge such an intent sets forth
no crime under this code section. It follows, that where a person
has been convicted and sentenced in a trial had under such an in-
dictment his motion to arrest the judgment should be sustained,
notwithstanding that he had failed to demur to the indictment.
See, as to the principle involved, *Williams* v. *State,* 51 *Ga.* 535 (3).
This ruling is not contrary to the decisions in *Dukes* v. *State,* 94
*Ga.* 393　21 S. E. 54), and *Brazil* v. *State,* 117 *Ga.* 32 (43 S. E.
460); for those cases hold, in effect, merely that in an indictment
*drawn under section 4447 of the Code of* 1882 (section 241 of the
Penal Code of 1910) it is not necessary to charge that the de-
fendant had the intent to defraud any particular person. That
section reads as follows: "If any person shall falsely and fraud-
ulently pass, pay, or tender in payment, utter or publish any false,
forged, counterfeit, or altered note, bill, check, or draft as afore-
said, knowing the same to have been falsely and fraudulently
forged, counterfeited, or altered, he shall be punished by imprison-

ment and labor in the penitentiary for not less than two years nor longer than ten years." It will be seen that under the language of that section a violation thereof may occur without any intent on the part of the violator to defraud any particular person. In our opinion the court erred in overruling the defendant's motion to arrest the judgment.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*