### 12910.   MATHEWS *v.* THE STATE.

Failure to allege to whom the false representations were made was not a defect that could be reached by general demurrer to the accusation, and the court did not err in overruling the general demurrer.

The record of the bill of sale was admissible as evidence, it being shown, without dispute that the original paper was lost and could not be found, and the record being sufficiently identified.

     DECIDED DECEMBER 14, 1921.

Accusation of cheating and swindling; from city court of Greensboro — Judge Brown. September 10, 1921.

The indictment charged J. R. Mathews with a misdemeanor, for that the accused, in the county of Greene and the State of Georgia, on the 1st day of May, 1920, " with force and arms did unlawfully, knowingly, fraudulently, deceitfully, and wrongfully represent that he owned one dark bay mare with white star in face, one white foot, eight years old, and then and there executed a bill of sale on said described property to J. R. Hilsman. Said representations were knowingly false and made for the purpose of procuring one red road cart and set of harness of the value of $50.00. Said false and fraudulent representations were made to deceive

and defraud and did deceive and defraud the said J. R. Hilsman in the sum of $50.00, contrary to the laws of said State, the good order, peace and dignity thereof." A demurrer to the indictment was overruled. The only ground of the demurrer insisted upon before this court is as follows: " Said indictment is insufficient in law and sets forth no offense against the statutes." The sole reason given in the brief of counsel for the plaintiff in error why this ground of the demurrer was good is that the indictment does not state to whom the alleged false representations were made, and that the defendant was entitled to this information in order to prepare his defense.

*W. H. Fisher,* for plaintiff in error.

*Miles W. Lewis, solicitor,* contra.

BROYLES, C. J. (After stating the foregoing facts.) We are of the opinion that the indictment was not subject to the ground of demurrer urged. The indictment measured up to the requirement of section 954 of the Penal Code of 1910, which provides that every indictment shall be deemed sufficiently technical and correct which states the offense in the terms and language of the statute, or so plainly that the nature of the offense charged may be easily understood by the jury. We think it is reasonably apparent, from the language of the indictment, that the representations were made to J. R. Hilsman, the person charged to have been defrauded by them. Furthermore, if the indictment did not show to whom the representations were made, the accused could have secured this information by filing a *special* demurrer, as was done in the case of *McLendon* v. *State,* 16 *Ga. App.* 262 (85 S. E. 200), cited and relied on by the plaintiff in error.

It was not error to allow the record of the bill of sale to be introduced in evidence. It was shown without dispute that the original paper had been lost and could not be found, and the record was sufficiently identified to authorize its admission in evidence. The remaining special grounds, and the general grounds, of the motion for a new trial are not referred to in the brief of counsel for the plaintiff in error, and are therefore treated as abandoned.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*