27796. RUMPH *v.* THE STATE.

DECIDED SEPTEMBER 29, 1939.

*F. Joe Turner*, for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw*, contra.

MacINTYRE, J. L. R. Rumph was indicted on the charge of "felony, falsely personating another." He was found guilty. He filed a motion in arrest of verdict and judgment. The motion was overruled, sentence was pronounced, and he excepted to the overruling of his motion. Omitting the formal parts, the indictment charged that "the said Rumph did falsely represent himself to be R. E. Bartlett an employee of the Southern Waxed Paper Company, and did falsely personate said R. E. Bartlett, in the passing and uttering of a certain check and writing, which was in form and substance as follows: 'Southern Waxed Paper Co. No. 1033. 840 Woodrow Ave., S. W., Atlanta, Ga. Dec. 31, 193.... Pay to the order of R. E. Bartlett $63.75. Exactly sixty-three dollars 75 cents dollars. To First National Bank. Southern Waxed Paper Co. . . By B. F. Lacey, Special pay-roll account,' and did fraudulently obtain of G. H. Cochran, twenty-three dollars and seventy-five cents in money of the value of $23.75, and the property of the said G. H. Cochran, with intent to defraud the said G. H. Cochran, . . contrary to the laws of said State, the good order, peace, and dignity thereof."

The Code, § 26-7406, under which the defendant was charged, declares: "Any person who shall falsely personate another, and thereby fraudulently obtain any money or other thing of value, or with the intention of thereby fraudulently obtaining any money or other valuable thing, shall be deemed a cheat and swindler, and

shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more.than five years." The defendant contends that under this section "it is no offense to falsely personate another, unless *thereby* you obtain money or other things of value, or unless you intend to *thereby* obtain money or other valuable things." He insists that there is no allegation that he obtained the alleged sum of money by means of the illegal personation; nor does the indictment allege that he intended by such means to defraud G. H. Cochran; nor is it alleged that he personated R. E. Bartlett to said G. H. Cochran or to any one; that therefore no offense was set forth under this section of the Code (it being alleged by the defendant that the said Code section does not make it a crime to falsely personate another, but that the crime is the false personation with the intent to defraud) by the allegation of the indictment; therefore the indictment is a nullity, and all proceedings had thereunder were and are nullities. We recognize the general rule stated in *Howell* v. *State, 25 Ga. App.* 547 (103 S. E. 799), that "An indictment drawn under section 245 of the Penal Code of 1910, which fails to set forth the name of any person, firm, or corporation that the defendant intended to defraud, is fatally defective; and a verdict and judgment of guilty upon a trial under the indictment are void and mere nullities, and a motion to arrest the judgment should be sustained notwithstanding that the indictment was not demurred to." However, that case is distinguishable from the instant case, for in that case the indictment charged that the defendant "did then and there unlawfully and fraudulently, and with intent to defraud, make, sign, and forge, and was then and there concerned in the fraudulent making, signing, and forging of said writing, and the said W. B. Howell did then and there unlawfully and fraudulently utter, publish, and tender the same knowing said writing to be a forgery." It thus appears from an examination of the two indictments that there is a substantial difference. In that case no person, firm, or corporation was named as the person (or firm or corporation) in tentionally defrauded, whereas in the instant case G. H. Cochran is alleged to have been intentionally defrauded by the defendant personating one R. E. Bartlett.

"If a verdict, when construed with the indictment, does not find the defendant guilty of any offense, the judgment should be ar-

rested; but where, regardless of the denomination of the offense, the allegations of the indictment charge, even imperfectly, a violation of the law, which can be plainly understood by the jury, and a verdict finding the defendant guilty can not be ignored without violating the rules of common sense, sentence should be pronounced upon the finding." *Lanier* v. *State*, 5 *Ga. App.* 472, 476 (63 S. E. 536). In the instant case the accusation is one continuous sentence and, as other indictments, must be read and construed as a whole. We think that it is *reasonably apparent* from the language of the indictment that L. R. Rumph falsely personated R. E. Bartlett, and thereby fraudulently obtained the money of G. H. Cochran, with intent to defraud said G. H. Cochran; and the indictment therefore sufficiently charged the defendant with the offense of falsely personating another under Code, § 26-7406, as against the motion in arrest. *Mathews* v. *State*, 27 *Ga. App.* 798 (110 S. E. 33). The evidence presented on the trial does not appear in the record. We are of the opinion that the indictment was sufficient in law to authorize the jury to render a verdict thereon. After verdict the legal presumption is that the jury were satisfied from the evidence that the defendant falsely personated R. E. Bartlett, that he represented himself to G. H. Cochran as said R. E. Bartlett, and thereby obtained money from G. H. Cochran with intent to defraud him. See *Prior* v. *State*, 41 *Ga.* 155.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*