Pittsburgh, Cincinnati and St. Louis Railway Co. *v.* Wright, Executor.

No. 8672.

PITTSBURGH, CINCINNATI AND ST. LOUIS RAILWAY COM-
PANY *v.* WRIGHT, EXECUTOR.

NEGLIGENCE.—*Contributory Fault.—Question of Fact.*—Whether, upon a
given state of facts, there was negligence of one party causing injury to
another, and whether there was fault on the side of the injured party,
which contributed to the injury, are questions of fact, to be left under
proper instructions to the jury.

SAME.—*Instruction.—Jury.*—In an action for a negligent injury, an instruc-
tion is erroneous which recites a series of facts, not covering all the cir-
cumstances of the case, and directs a verdict, one way or the other, ac-
cording to the evidence upon those facts, and does not leave it to the
jury to find whether there was negligence of the defendant, which caused
the injury, and whether the plaintiff was free from contributory fault.

SAME.—*Railroad and Highway Crossings.*—It can not be said, judicially, that
one about to drive across a railroad track, at a point where the line of
the railroad could not be seen before reaching the crossing, should go on
foot to look for approaching trains before driving upon the crossing with
a team.

From the Madison Circuit Court.

*N. O. Ross*, for appellant.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

WOODS, J.—Action for damages by the appellee against
the appellant, for the negligent killing of Margaret Wright.
Some of the questions in the record are decided in the case
of *Pittsburgh, Cincinnati and St. Louis R. W. Co.* v. *Morgan
Wright, ante*, p. 182, which arose out of the same occurrence.

It is claimed in this case, however, that the circuit court
erred in giving and refusing instructions, asked by the re-
spective parties.

At the instance of the appellee, the court gave the following:

"1. If you believe from the evidence that the locomotive
and train of cars running upon the line of road mentioned in
the complaint and operated by the employees of defendant,
caused the death of Margaret Wright, was, on the day of such
accident, behind time, and was running at an unusual rate of
speed at the time of the accident, for the purpose of making

up time; and you further find that said road, extending in the direction from which said train was coming, north of the crossing of the public highway, was located in a cut and obscured by other obstructions, which concealed said train from the view of persons driving along said highway and approaching said railroad; and you further find that the team, to which was attached the wagon in which decedent and John Wright, the driver, were riding, was stopped at a short distance before it reached the crossing, and decedent and said John Wright looked and listened for the train in the direction in which it was coming, and could not see or hear it; and you further find that they continued to look and listen for the train after the team was started on toward the crossing, until they reached the track, and they failed to see or hear the same, so as to avoid the accident; and you further find that said locomotive and train were running on a down grade, and that the employees of the defendant on said locomotive and train failed to give any signal of warning until said train was upon or crossing upon said track, and too late to prevent the collision of the train with the wagon, and that the death resulted from said collision, then your finding should be for the plaintiff."

This instruction is, in our opinion, justly subject to some of the objections made to it. It is claimed that there were other facts and circumstances in evidence, bearing on the question of liability, which are not referred to, and that, in some respects, the references made are too indefinite and calculated to mislead; but the more important and fundamental consideration is, that, both in respect to the negligence of the defendant and the contributory fault of the deceased, the instruction invaded the proper province of the jury. Upon the hypothesis that the evidence showed the facts stated, and no other facts than those stated in the instruction, the case was not such as to enable the court to say, conclusively, as matter of law, that the plaintiff was entitled to recover. It still remained to be determined by inference from the facts supposed, whether the defendant's servants had been guilty of any negligence or

want of care, which caused the injury complained of, and also whether the deceased, by any fault of hers, or failure to exercise ordinary and proper care under the circumstances, had contributed to the unhappy result. There have been cases, and cases may be supposed, upon the facts of which the court could declare, as a conclusive legal inference, what the verdict should be; but, upon the facts supposed in this instruction, it can not be done, for the manifest reason that it is left undetermined whether the unusual rate of speed of the defendant's train, and the failure of the defendant's servants to give warning of the train's approach, under the circumstances, constituted negligence, and, if so, whether that negligence caused the injury; and, further, whether the precautions supposed to have been taken by the deceased and the driver of the team were, under the circumstances, such as would and ought to have been taken, in the exercise of ordinary prudence. In such a case as the instruction supposes, these are inquiries which are vital to the rights and liabilities of the parties, and which should have been submitted to the jury to be answered in the light of all relevant evidence.

The third instruction, given at the request of the appellee, contains an accurate statement of the law in this respect, but it does not cure the error of the first. It has been repeatedly decided that a bad instruction is not cured by the giving of a good one.

While the evidence in the case tended to show that it was impracticable for one upon the highway to have seen the approaching train, until he had come upon or very near the railroad track at the crossing, it is claimed, and is perhaps true, that from the point of the crossing the train might have been seen for a great distance; and upon this view of the facts the appellant insists that it was the duty of the driver, with whom the deceased was riding, to have left his team and gone upon the track to see that there was no danger before undertaking to drive the team across. It can not be said, however, as matter of law, that the driver should have taken this pre-

caution. It was a question of fact, in the light of all the circumstances, whether reasonable prudence required this course, and whether the failure to take it was negligence. If, by reason of wind, rain, or for other cause, it had been impossible to hear the bell or whistle of the locomotive, it might or should perhaps be deemed to have been imprudent and careless to drive upon the crossing without in some way making sure that it was safe, but whether the driver should have left his team, for this purpose, may have depended on other circumstances; as, for instance, the character of the team itself and the risk incurred in leaving it. In whatever light the subject is considered, the reasonable solution of such inquiries is found in the proposition that negligence is ordinarily a question of fact.

There is no other question in the record which we deem it necessary to consider.

Judgment reversed, with costs and with instructions to grant a new trial.