Richardson v. Coleman.

No. 15,222.

RICHARDSON v. COLEMAN.

INSTRUCTION TO JURY.—*Advocating a Compromise Verdict.*—A clause in an instruction is erroneous which states to the jury, after it has been deliberating upon its verdict some time, that " The law which requires unanimity on the part of the jury to render a verdict, expects and will tolerate reasonable compromise and fair concessions." The law does not expect any compromise on the part of jurors. It expects every juror to exercise his individual judgment, and that when a verdict is agreed to it will be the verdict of each individual juror.

From the Marion Superior Court.

*P. S. Kennedy, S. Kennedy* and *H. J. Milligan,* for appellant.

*S. J. Peelle* and *W. L. Taylor,* for appellee.

OLDS, J.—This was an action by the appellant against the appellee for damages received by the appellant while working in the heading factory of the appellee, alleged to have resulted by the negligent use of a belt, and from weak and insecure fastenings with which the same was put together.

There was a trial by jury and the jury was instructed and retired to deliberate. Afterwards the court called the jury into court and gave them instruction numbered eight, in the giving of which it is contended by the appellant that the court erred.

The evidence is not in the record, but all of the instructions are in the record, as provided by section 535, R. S. 1881.

It is suggested by counsel for appellee that the question must be presented as provided by section 630, R. S. 1881, for the presentation of reserved questions of law, but in this counsel are in error. There is no attempt to bring the case to this court under section 630, *supra,* and it was not necessary that it should be brought under the provisions of that section.

There was a verdict returned, a motion for a new trial

filed and overruled, exceptions were reserved to the ruling and judgment rendered. The case is appealed in the ordinary way, but the record does not contain the evidence.

If the instruction complained of was competent under any phase of the evidence which might have been introduced, then the judgment must be affirmed, but the particular instruction complained of has no relation to the evidence; hence it would have only encumbered the record to have included it. The instruction reads as follows:

"*Eighth.* In addition to the instruction which I have heretofore given you, I now desire to say that you are to take the law as given you by the court, and not to be swayed by any speculations of your own as to what the law is or ought to be. You are, however, the judges of the credibility of the witnesses, and should weigh and consider the evidence as I have heretofore indicated. It is important to the parties to have this case decided. You will, I trust, in your deliberations, be careful to avoid the influences of undue pride of personal opinion. The law which requires unanimity on the part of the jury to render a verdict, expects and will tolerate reasonable compromise and concessions. You will remember, gentlemen, that absolute certainty is not always attainable in human affairs, neither does the law require it. Whilst it is expected that there will be individual opinion, judgment and conscience, it is also expected that it will not go to the extent of unreasonable obstinacy. You will return to your room and again confer together, calmly and deliberately reviewing the case under the instructions I have given you."

The main portion of this instruction we do not deem objectionable. As to the propriety of having the jury brought into court after they had deliberated for nearly twenty-four hours and giving the instruction, we need not speak, and there is only a portion of the instruction that we deem it necessary to consider.

By one clause of the instruction the jury are told that

Richardson v. Coleman.

"The law which requires unanimity on the part of the jury to render a verdict, expects and will tolerate reasonable compromise and fair concessions." We can not give our sanction to this statement of the law. By it the jury are told that the law "expects and tolerates reasonable compromise." The law does not expect any compromise on the part of jurors. It expects every juror to exercise his individual judgment, and that when a verdict is agreed to it will be the verdict of each individual juror. In arriving at a verdict a juror should not indulge in any undue pride of personal opinion, and he should not be unreasonable or obstinate, and he should give due consideration to the views and opinions of other jurors, and listen to their arguments with a willingness to be convinced, and to yield to their views if induced to believe they are correct; but the law does not expect, nor does it tolerate, the agreement by a juror upon a verdict unless he is convinced that it is right—in other words, unless it is his verdict, a verdict which his conscience approves, and he, under his oath, after a full consideration, believes to be right. To say that jurors may compromise upon a verdict is to say that twelve jurors, all differing widely in their views as to what verdict ought to be returned, without any of them changing their views, may agree upon a verdict which is not believed to be right by any considerable number of the jurors, but agreed to as a matter of expediency in order to dispose of the case without the approval of the consciences of any considerable number of the panel approving of it.

The instruction tells the jurors the law expects them to make concessions and compromises, and agree upon a verdict which their consciences do not approve, but they should do so as a matter of expediency in order to dispose of the case.

The opinion in the case of *Clem* v. *State*, 42 Ind. 420, sustains the views we have expressed. It is true that decision was rendered in a criminal case, but a verdict, whether in a civil or criminal case, must be the verdict of all the jurors. Thompson Trials, section 2303.

Richardson v. Coleman.

In the case of *Houk* v. *Allen*, 126 Ind. 568, after the jury had been out some twelve hours, the jurors agreed that a certain number of ballots be cast and counted, and if either the plaintiff or the defendant received a majority of the ballots so cast, that the verdict should be returned for the party receiving a majority, and the agreement was carried out, and a verdict returned in accordance with the agreement. This court held that a verdict could not be arrived at in that way, and in the opinion it is said : " It is very clear, we think, that the rights of the parties were not determined according to the judgment or consciences of the members of the jury, as was their right, but that the verdict was the mere creature of the agreement to which jurors bound themselves in advance of the verdict." And yet this method of arriving at a verdict was but a compromise, the result of a concession made by the jurors ; they could not agree upon a verdict ; they differed as to whether the verdict should be for the plaintiff or the defendant, and after having deliberated for twelve hours, they compromise upon a verdict, and agree that it shall be reached in a certain way, and in doing so they return a verdict which is not approved by the judgment and conscience of the minority of the jurors, and the court says it is illegal.

Under the instructions given in this case the jury may have entered into a like agreement, and compromised upon a verdict to be arrived at in like manner.

In the case of *Goodsell* v. *Seeley*, 46 Mich. 623 (41 Am. R. 183), the court, in speaking of jurors compromising, says : " The law contemplates that they shall, by their discussions, harmonize their views if possible, but not that they shall compromise, divide and yield for the mere purpose of an agreement." *Randolph* v. *Lampkin* (Ky.), 18 S. W. Rep. 538.

We have examined the authorities cited by counsel for appellee, and they do not sustain the instruction, and we have found none that do.

The other part of the instruction, other than that which we have commented upon, while not erroneous in itself, yet when taken together with the part that is erroneous, tended to add stress to the words " expect and tolerate reasonable compromise and fair concessions ; " and we think the instruction would fairly lead the jurors to believe that, having deliberated twenty-four hours, and being unable to agree, they had the right to compromise upon a verdict, and return it, although it did not meet the approval of the consciences of the individual jurors.    This instruction was not proper under any state of the evidence, and the judgment must be reversed.

Judgment reversed, at costs of the appellee.

ELLIOTT, C. J., took no part in the decision in this case.

Filed Jan. 14, 1892; petition for a rehearing overruled April 9, 1892.