THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

EGBERT C. COOK.

*Filed at Ottawa, March 29, 1893.*

1. STREET RAILWAYS—*stoppage to let passenger on.* It is the duty of a street railway company to stop its car a sufficient length of time to enable persons seeking passage to get fully and safely on the same. And it will be liable to a party injured by a failure to properly discharge such duty.

2. SAME—*starting car while one is getting on same.* It is the duty of the conductor of a street car or train to know, if by the exercise of due care, caution and diligence he can know, whether any person is attempting to get on or off his train or car before permitting the same to start in such manner as will be liable to injure a person so getting on or off the same.

3. NEGLIGENCE—*in starting train while passengers are getting on board.* When a person is injured while attempting to board a street car, by the sudden starting of the train, the fact that the signal for starting was given by an unauthorized person will not exempt the company from liability, if the conductor or agent in charge, by the exercise of due care and diligence, could have prevented the moving of the car, and thereby avoided the injury.

4. In an action against a street railway company for a personal injury while the plaintiff was getting on the train, the court instructed, that if the jury believe from the evidence that some person not in the employ of the defendant rang the bell which started the train, still that fact will not exempt the company from liability, provided the jury believe from the evidence that the conductor could, by the exercise of due care and diligence, have countermanded the unauthorized signal for starting the train, in time to have prevented any injury to the plaintiff, if he, the conductor, had exercised due care and diligence in the discharge of his duties, and provided the jury believe from the evidence the plaintiff, at the time in question, was in the exercise of reasonable care for his own safety: *Held,* that the instruction was unobjectionable.

5. CARRIERS OF PASSENGERS—*held to a high degree of care.* Carriers of passengers are held to the utmost, or highest degree of care, skill and diligence for the safety of the passengers that is consistent with the mode of conveyance employed.

6. EVIDENCE—*as to extent of personal injury.* On the trial of an action to recover damages for a personal injury, the plaintiff was asked how long he was confined to his bed on account of the injury, to which

he answered, "from the 15th of May to about the 1st of August." He was also asked: "Have you suffered any pain in consequence of the injury?" which was answered in the affirmative. The plaintiff and others testified that his arm was broken, that he was otherwise injured, and that following the accident he had been confined to his bed: *Held,* no error in allowing the questions to be answered.

7. In such case, whether the plaintiff suffered pain from a broken arm, was a fact that required no expert skill to ascertain, nor would it require expert knowledge or skill to determine the fact that the plaintiff required help to put on his coat, or that in consequence of his broken arm his food had to be cut for him. It was competent for him to testify to his condition resulting from the injury and the effect produced by it, even though he was aged and infirm and to some extent a paralytic at the time of the injury.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Circuit Court of Cook County; the Hon. R. W. CLIFFORD, Judge, presiding.

The appellee, seventy-eight years old and infirm, being a partial paralytic, standing at a street corner, signalled to appellant's cars to stop and take him on. The cars passed him a short distance and stopped to let a passenger off; persons on the rear platform beckoned to appellee to come on, whereupon he hobbled along and caught hold of the hand rail of the car, and before he could step up on the step of the car the car suddenly started, by which he was pulled off his feet, thrown to the ground, his arm broken, and he was otherwise injured. The conductor denies that he gave any signal to start the cars, and the evidence raises the presumption that some one, a passenger probably, did give such signal. The conductor, at the time, was on or near the front platform collecting fares, and as soon as the injury to appellee occurred, the car was stopped and he ran back to where appellee was lying, and with the aid of passengers carried him into an adjacent drug store. The jury returned a verdict, and judgment was entered thereon, for $1,625.

On appeal to the Appellate Court, this judgment was affirmed, and the railroad company prosecutes this further appeal.

Mr. EDMUND FURTHMANN, Mr. W. J. HYNES and Mr. H. H. MARTIN, for the appellant:

The court erred in instructing the jury they might consider the necessary expenses of the plaintiff in treating his case, by physicians, etc., for the reason there was no evidence on which to base the same.    *I. C. R. R.* v. *Frelka*, 9 Bradw. 605; *Joliet* v. *Henry*, 11 Bradw. 154; *Reed* v. *R. R. Co.*, 57 Iowa, 23: *Duke* v. *R. R. Co.*, 99 Mo. 347; 2 Sh. & Redf. on Neg. (4th ed.), sec. 759; *Eckerd* v. *Ry. Co.*, 70 Iowa, 353; *Nichols* v. *Ry. Co.*, 68 id. 732; *Ry. Co.* v. *Shannon*, 11 Bradw. 222; *Ry. Co.* v. *Birney*, 71 Ill. 391; *I. C. R. R.* v. *Weldon*, 52 id. 290; *Ry. Co.* v. *O'Brien*, 18 Bradw. 28; *Ry. Co.* v. *Brisbane*, 24 id. 463.

So, also, in an action for personal injuries, it is error to submit to the jury the permanency of plaintiff's injuries, as an element of damages, where there is no evidence tending to show a permanent injury.   See the decision of this court, delivered by Mr. JUSTICE BAILEY in *Ry. Co.* v. *Shannon*, 11 Bradw., at p. 226.

So, also, it is error to give an instruction allowing the recovery of exemplary damages, in a personal injury case, where there is no evidence on which to base it.   *Ry. Co.* v. *Birney*, 71 Ill. 391, at 394, 5.

So any instruction allowing elements of damages to be recovered, of the existence of which there is no evidence, is erroneous.   See, *I. C. R. R. Co.* v. *Weldon*, 52 Ill. 290; *Ry. Co.* v. *O'Brien*, 18 Bradw. 28; *Ry. Co.* v. *Brisbane*, 24 id. 463.

It was error to instruct that the defendant was liable for the act of some unauthorized person in ringing the bell to start the train.   There was no evidence that the conductor knew any one was in the act of getting on the car, or that

554    North Chicago St. R. R. Co. v. Cook.

Brief for the Appellee.    Opinion of the Court.

he could by due care have countermanded the signal to start.

Mr. Samuel W. Packard, for the appellee:

The jury had a right to allow for the value of necessary expenses for physician's services, based upon their own general knowledge and experience, even though no witness gave his opinion of the value of such services.

As to the measure of damages and evidence of same, see Thompson on Passenger Carriers, 572; 2 Sedgwick (8th ed.), sec. 483; 3 Sunderland on Damages, 269; Shearman and Redf. on Negligence (4th ed.), sec. 759; *Klien* v. *Thompson*, 19 Ohio St. 569; *Varnum* v. *Council Bluffs*, 52 Iowa, 698; *Indianapolis* v. *Gasten*, 58 Ind. 277; *Penn. Co.* v. *Marion*, 104 id. 239; *Fisher* v. *Jansen*, 30 Ill. App. 92; same case, 128 Ill. 549.

The testimony elicited was not expert evidence, requiring skill, etc.    *Walker* v. *Cook*, 33 Ill. App. 563; *Linn* v. *Sigsbee*, 67 Ill. 75; Rogers on Expert Testimony, 2d ed., sec. 8.

Liability for injury to passenger by starting as he is getting on or off the cars.    *Morrison* v. *Broadway & S. A. R. Co.*, 8 N. Y. Suppl. 436; Shearman & Redf. on Negligence, sec. 508; Thompson on Passenger Carriers, sec. 16; *Dougherty* v. *Mo. P. Ry.*, 81 Mo. 330; *Keating* v. *Railroad Co.*, 49 N. Y. 673; *Nichols* v. *R. R. Co.*, 38 id. 131; *Maher* v. *R. R. Co.*, 67 id. 52; *C. & N. Ry. Co.* v. *Drake*, 33 Ill. App. 114; *City Ry. Co.* v. *Mumford*, 97 Ill. 570; *C. W. D. Ry.* v. *Mills*, 105 id. 63.

It was the conductor's business to be where he could control the starting of the cars at the proper time when passengers were either getting on or off.

Mr. Justice Shope delivered the opinion of the Court:

Upon looking into this record, to determine whether the instructions were substantially accurate as applied to the

facts, we are led to agree with the Appellate Court that if: "Under the evidence shown in this record, had there been a judgment for the defendant, it would have been our duty to set it aside." Counsel have filed in this court their Appellate Court briefs, containing a discussion of the questions of fact which are eliminated by the judgment of that court. Numerous objections are made to the instructions given and to the ruling of the court in admission of testimony, the more important of which will be considered.

I.   It is insisted, the court erred in giving appellee's instruction in respect of the measure of damages, which is as follows:

"In estimating the plaintiff's damages, if the jury find for the plaintiff, it is proper for the jury to estimate the effect of the injury in the future upon the plaintiff's health, if any, as well as the effect it has had upon him already, and the bodily pain and suffering, if any, endured by him, including the necessary expenses and all damages, present and prospective, which can be treated as a necessary result to the injury, if any, inflicted by the defendant·upon the plaintiff."

The objection is, that the jury are allowed, in case they found for appellee, to award him damage for "necessary expenses," in and about being healed, etc. The evidence showed, that appellee had an arm broken and was otherwise injured; that a physician attended him in setting the bone of the arm, for which he was paid. And also, that another physician attended him during his illness following the injury. But there is no evidence as to the amount paid, or what would be a reasonable charge for the services rendered. We are of opinion that it was error to give the instruction in the absence of all proof tending to show the proximate amount or value of said services. Shear. & Red. on Neg., 759; *Reed* v. *R. R. Co.*, 57 Ia. 23; *Duke* v. *R. R. Co.*, 99 Mo. 347; *Eckerd* v. *R. R. Co.*, 70 Ia. 353; *R. R. Co.* v. *Frelka*, 9 Brad. 605; *Joliet* v. *Henry*, 11 id. 154; *C., B. & Q. R. R. Co.* v. *Hale*, 83 Ill. 360.

But we are of opinion also, that while the instruction standing alone was erroneous, the giving of it in connection with the series of instructions given, was not prejudical error. By repeated instructions the jury were told, that their findings must be from the evidence; and in an instruction, given on behalf of appellant, the jury were told that, if they should find for the plaintiff, no exemplary or punitive damages "can be allowed." "All that the jury would have a right to consider would be simply compensatory damages, * * * * that is to say, the damages should be purely compensatory and the basis for estimating it must be data appearing in the evidence, and not mere conjecture." It was the duty of the jury to consider the instructions as a whole, and give due and proper weight to each of them, and it is presumed they did so. (2 Thomp. on Trials, sec. 2407.) If the instructions, when construed together, present the law with substantial accuracy to the jury, and the objectionable instruction is so qualified by others that it is not calculated to mislead them, it will ordinarily afford no ground for reversing the judgment. Id.; *Spies* v. *The People*, 122 Ill. 245; *T., W. & W. Ry. Co.* v. *Ingraham*, 77 id. 309; *Kendall* v. *Brown*, 86 id. 387; *Skiles* v. *Caruthers*, 88 id. 458; *C. & E. I. R. R. Co.* v. *Hines*, 132 id. 169.

Without proof of the value of the medical attendance, medicine, etc., nominal damages only could have been awarded; that is, no *data* would have been furnished by the evidence for awarding other than a nominal sum. There is nothing in this record to indicate that the jury were misled, or gave damages other than such as were purely compensatory, having for their basis *data* appearing in the evidence, or that they were led into the field of conjecture.

II. It is also insisted that the court erred in giving the following instruction:

"If the jury believe from the evidence, that some person not in the employment of the defendant company rung the bell which started the train at the time in question, still that

fact will not exempt the defendant company from liability in this case; provided, the jury believe from the evidence that the conductor could, by use of due care and diligence, have countermanded the unauthorized signal for starting the train in time to have prevented any injury to plaintiff, if he, the conductor, had exercised due care and diligence in the discharge of his duties; and, provided the jury believe from the evidence the plaintiff at the time in question was in the exercise of reasonable care and diligence for his own safety.''

The point made is, that the instruction ''failed to submit to the jury the question as to whether or not reasonable care on the part of the conductor required that he should have countermanded the signal, even if he could have done so in time to have prevented the injury to the plaintiff.'' And that, as a matter of law, the fact that the conductor might, ''by the exercise of due care and diligence, have countermanded the signal,'' even if the conductor did not know, and had no reasonable ground to believe, that anyone was attempting to get upon the car, would make appellant liable, although the signal had been given by a stranger. We see no objection to the instruction. It was the duty of appellant to stop its car a sufficient length of time to enable appellee to get fully and safely on the same. *City Ry. Co.* v. *Mumford*, 97 Ill. 560; 2 Shear. & Red. on Neg., sec. 508; Thompson on Car. Pass., sec. 16; *Dougherty* v. *Mo. Pac. Ry.*, 81 Mo. 330; *C. & A. R. R. Co.* v. *Wilson*, 63 Ill. 167; *Chi. W. D. Ry. Co.* v. *Mills*, 105 id. 63; *C. & A. R. R. Co.* v. *Arnol*, 144 Ill. 261. Carriers of passengers are held to the exercise of the utmost or highest degree of care, skill and diligence for the safety of the passenger that is consistent with the mode of conveyance employed. The car or train was in control of the conductor, and he was required to know, if by the exercise of due care, caution and diligence in the discharge of his duties he could know, whether any person was attempting to get on or off

his train or car, before permitting the same to start in such manner as would be liable or likely to injure a person so getting on or off the same.    It was a duty appellant owed to the public, to be discharged through its conductors or other agents whom it might select, to afford its passengers time and opportunity to board and depart from its cars in safety. The fact, therefore, if it be conceded that the signal for starting was given by an unauthorized person, would not exempt the railway company from liability, if the conductor or agents of the railway company in charge, by the exercise of due care and diligence, could have prevented the moving of the car, and thereby avoided the injury.

III.    Objection is made to the ruling of the court in the introduction of testimony.    Appellee was asked the question: "How long were you confined to bed on account of this injury?"    To which he answered: "From the 15th of May to about the 1st of August."    And also the question: "Have you suffered any pain in consequence of the injury?"    Which was answered in the affirmative.    It is said: "These questions were improper, as calling for the opinion of the witness as to the *cause* of his being confined in bed, of his suffering pain," etc.    Appellee and others testified that his arm was broken, that he was otherwise injured, and that, following the accident, he had been confined to his bed.    We are of opinion that there was no error in permitting the questions to be answered.    Whether appellee suffered pain from a broken arm was a fact that required no expert skill to ascertain.    Nor did it require expert knowledge or skill to determine the fact that appellee required help to put on his coat; or, that in consequence of his broken arm, his food had to be cut for him.    True it is, as said by counsel, that the question for the jury to try was whether the changed physical condition of appellee was "on account of" or "in consequence of" the injury complained of.    It requiring no expert skill or scientific knowledge to

determine the facts testified to by appellee, no error was committed in permitting him to answer the questions.

It is said, however, that it having been shown that appellee was aged and infirm, and to some extent a paralytic, the assumption that the confinement to his bed, the pain he suffered, and the like, resulted from the injury, invaded the province of the jury. It was competent for the appellee to testify to his condition resulting from the injury, and the effect produced by it. *Wright* v. *Ft. Howard,* 60 Wis. 122; *Creed* v. *Hartman,* 8 Bosw. 123.

Other objections are pointed out, which we have carefully considered, and do not deem them of sufficient importance to merit discussion. That there are some slight errors may be admitted; but they are not of such character that they could have prejudiced appellant before the jury, under the facts proved.

The judgment of the Appellate Court is correct, and should be affirmed.      *Judgment affirmed.*