## AMERICAN SHEET & TIN PLATE COMPANY *v.* BUCY.

[No. 6,391. Filed April 8, 1909.]

1. TRIAL.—*Instructions.—Master and Servant.—Defective Works. —Outlining Facts Warranting Recovery.—Omissions.*—Where an instruction, in a common-law action by a servant for damages received because of defective ways and works, assumed to state the facts authorizing plaintiff's recovery, but omitted any mention of the servant's knowledge of the defect and the conse-

quent assumption of the risk, it is erroneous, and can be cured only by withdrawing it from the jury.  p. 503

2.  TRIAL.—*Instructions.—Stating Facts Necessary to Recovery.— Omissions.*—Where an instruction assumes to state all of the facts necessary to plaintiff's recovery, but omits a material one, the giving thereof constitutes reversible error.  p. 504.

3.  TRIAL.—*Separate Instructions.—Sufficiency.*—The entire law applicable to all the questions involved need not be stated in each instruction, but the law applicable to different questions may be embraced in separate instructions, if, considered together, they present the law fairly.  p. 504.

From Madison Circuit Court; *John F. McClure,* Judge.

Action by Oda Bucy against the American Sheet & Tin Plate Company.  From a judgment on a verdict for plaintiff for $1,000, defendant appeals.  *Reversed.*

*Gilbert R. Call,* for appellant.

*Herman F. Wilkie,* for appellee.

HADLEY, J.—Appellee sued appellant to recover for personal injuries sustained by him while in the employ of appellant in its tin plate factory at Elwood.  The complaint was in one paragraph, and counted upon the negligence of appellant in faultily constructing a runway over which appellee was employed to propel heavily loaded trucks, or in permitting such runway to become out of repair, so that when appellee was proceeding in the performance of his duties the runway gave down, causing the load on said truck to topple over and fall upon appellee and injure him.  The defense of appellant to this charge was that the runway was not defectively constructed; that it was not out of repair; that the accident was not caused by the giving down of the runway, but on account of the projection of one part of the runway above the adjoining section; that this condition was open, obvious and known to appellee; that appellee was an experienced trucker, and had full knowledge of the condition of the runway and of the dangers of a sudden jar or jerk to the loads of tin plate which he was employed to move, and of the kind and character which caused his injury.  On the trial of the cause, judg-

ment was rendered for appellee. Motion was made by appellant for a new trial, which was overruled. This ruling of the court is assigned as error.

One of the specifications in the motion for a new trial was the giving, by the court, of the following instruction on its own motion: "(2) If you find, by a fair preponderance of the evidence in this case, that the plaintiff was in the employ of the defendant on January 6, 1906, and engaged with two other men employed by the defendant company in moving by means of trucks, as described in the complaint, tin plate from one portion of the building to another, and that there was provided by the defendant company a runway composed of wooden planks, nailed and attached to sleepers imbedded in the ground, and that from said runway there led off, running in a lateral direction, other certain iron cross-runways constructed of steel or iron; that the approaches to said runways, where the same were constructed of steel and iron, were made of wood, by being attached to joists or sleepers imbedded in the ground; that the cross-runway adjacent to sorting table No. 2 was so negligently constructed that the wooden end of the cross-runway, or the wooden approach to the cross-runway extending along sorting table No. 2, was weak and springy, and gave down when the loaded truck was drawn thereon by the plaintiff and his coemployes, so that when being drawn in a careful and prudent manner it struck the end of the iron runway, on account of the giving down of the wooden approach by reason of the weight of the load upon the truck; that plaintiff was using due care and proceeding in a proper manner in conveying said loaded truck; that by reason of the depression of the wooden approach to the iron runway the wheels struck against the iron runway, and caused the load of tin upon the truck to topple over and fall upon the plaintiff and injure him, as complained of in the complaint —then the defendant company would be guilty of negligence

in the manner of constructing the runway as it approached the iron portion thereof, and if it was properly constructed, but became out of repair, so that it gave down when a load, such as plaintiff and his coëmployes were drawing, passed over it, the company would be negligent in so maintaining the same, and if the plaintiff, without fault on his part, did not contribute to his injury at the time, then your finding should be for the plaintiff.''

It is urged that this instruction is defective in two respects: (1) It instructs the jury that, if said runway ''became out of repair, the company would be negligent in so maintaining the same,'' without informing the jury that, before said company could be held negligent, either it should have knowledge of such defective condition or that the same had existed for a sufficient length of time to imply knowledge; (2) that said instruction wholly fails to instruct the jury as to the element of assumed risk. It will be observed that the instruction directs the jury to find for the plaintiff, if it finds a certain state of facts to be true. This is a positive direction and warranted the jury in finding for the plaintiff, notwithstanding it should be convinced from the evidence that the defective condition was unknown to appellant, and had existed a very short time, or that it should find for the plaintiff, notwithstanding he was wholly familiar with such defective condition, either of which findings would be unwarranted under the law.

It has always been held that where the court directs a particular verdict, if the jury should find from the evidence certain facts to exist, the instruction must embrace all the facts and conditions essential to such a verdict. In such a case, if an essential fact is omitted, it is not sufficient to supply the omission in another instruction. The law applicable to different questions may be stated in separate instructions, and the entire law applicable to all the questions involved in a case need not be stated in each, as in such a case the instructions

supplement each other, and if they present the law fairly, when viewed as a series, they will be sufficient. But if an instruction purports to direct the jury to find a certain verdict upon the finding of stated facts, all the facts necessary to support such verdict must be stated in that instruction, as other instructions cannot be searched to supply any omitted fact. *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584; *Indiana Nat. Gas, etc., Co.* v. *Vauble* (1903), 31 Ind. App. 370; *Pardridge* v. *Cutler* (1897), 168 Ill. 504, 48 N. E. 125; *Illinois Iron, etc., Co.* v. *Weber* (1902), 196 Ill. 526, 63 N. E. 1008; *Illinois Cent. R. Co.* v. *Smith* (1904), 208 Ill. 608, 70 N. E. 628.

The rule is well stated in *Indiana Nat. Gas, etc., Co.* v. *Vauble, supra,* where the court said: ''The instruction undertakes to enumerate certain facts which, if proved, will authorize a verdict in appellee's favor. It omits appellee's knowledge of the weak and insecure condition of the blocking and scaffolding. It plainly directs the jury to find for appellee if the facts enumerated were proved. Under this instruction, appellee would be entitled to a verdict, even though he had full knowledge of the defective condition of the blocking, or could have had such knowledge by the exercise of ordinary care. Such an instruction is not cured by another which correctly states the law. It can be corrected only by withdrawing it from the jury.''

It is not claimed that this instruction was withdrawn from the jury. It was clearly error and authorized the jury to find for appellee after eliminating a vital question in the case. We cannot say it was harmless.

Judgment reversed, with instructions to grant a new trial.