## LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *v.* JOHNSON.

[No. 21,291.   Filed June 24, 1909.]

1. PLEADING.—*Complaint.—Master and Servant.—Unsafe Place.— Assumption of Risk.*—A complaint alleging that defendant railroad company made a fill and constructed a path along same for the use of its employes, that it appeared safe and firm to the plaintiff, that such company knew it was made of loose dirt and that it was liable to give way, that defendant negligently failed to make such fill sound and to keep the path safe, and allowed it to crumble and to fail to support such path, that defendant knew of such defect long before plaintiff's injury, that plaintiff had no knowledge of such defect, and by reason thereof, the plaintiff, an employe, in going upon same sustained injuries, states a cause of action, and does not show that the plaintiff assumed the risk thereof.   p. 549.

2. TRIAL.—*Instructions.—Master and Servant.—Unsafe Place.— Assumption of Risk.—Burden of Proof.*—An instruction, in a master and servant case, wherein the plaintiff demanded damages for injuries received because of a defective walk, purporting to state all of the facts necessary to a recovery and which failed to include the plaintiff's assumption of the risk, is erroneous, since the burden is upon plaintiff to prove defendant's actual or constructive notice of the defect and the plaintiff's ignorance thereof.   p. 550.

3. TRIAL.—*Instructions.—Erroneous.—Curing.*—The error in giving an erroneous instruction to the jury can be cured only by withdrawing same.   p. 551.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Charles A. Johnson against the Lake Shore and Michigan Southern Railway Company. From a judgment on a verdict for plaintiff for $15,000, defendant appeals. Transferred from Appellate Court under §1399 Burns 1908, Acts 1901, p. 565, §15 (see 42 Ind. App. 687). *Reversed.*

*Miller, Drake & Hubbell* and *Elias D. Salsbury,* for appellant.

*Brick & Bates, M. R. Sutherland* and *R. N. Smith,* for appellee.

Monks, J.—Appellee brought this action against appellant to recover damages for personal injuries sustained by him while in the employ of appellant. Appellant's demurrer for want of facts to the second amended complaint was overruled. The cause was tried by jury, and a verdict returned in favor of appellee. Over a motion for a new trial judgment was rendered on the general verdict, in favor of appellee.

The errors assigned call in question the action of the court in overruling the demurrer to the second amended complaint, and the motion for a new trial. Appellant insists

1. that "the injury to appellee was the result of an assumed risk for which appellant was not liable. It avers that appellant made and maintained a path along the side of the track for the use of employes, and shows that appellee and other employes had used the path for several months; that the path was apparently safe and sound, solid and firm, as could have been seen by a reasonably careful and prudent person; that where a latent defect is such that ordinary care in inspecting would not disclose it, the defendant is not required to take the way or appliances to pieces to discover the defect; that the facts averred show that a reasonably careful inspection of the path from the surface would not have disclosed any defect; that the path had been in use for several months by appellee and others, and was

apparently safe, and therefore the complaint does not charge actionable negligence against appellant.''

The allegations of the complaint show that appellant made a fill and constructed the path thereon along the side of the track for the use of its employes, that appellee and other employes used the path for several months, and that it was apparently safe, sound, solid and firm so far as could be seen from the surface by a reasonably careful and prudent person, but this does not show, as claimed by appellant, that the alleged defect in the fill which supported the path was such that ordinary care on the part of the appellee would not disclose it, nor that appellee had no knowledge thereof, for it is expressly alleged in the complaint that appellant made said fill of loose dirt, and knew for many months prior to appellee's injury that the same was liable to give way at any time, and that ''notwithstanding such knowledge, defendant carelessly, negligently and recklessly failed to make said fill under said path sound, and to make and keep said path safe, and allowed the dirt and filling thereunder to crumble and fail in its support of said path, so as to permit said path to give way under plaintiff's weight.'' It is also alleged that appellant knew of said defect long before appellee's injury, and that appellee had no knowledge thereof. Said complaint, while it contains needless repetitions, is not open to the objections urged against it.

The causes assigned for a new trial call in question the action of the court in giving to the jury instructions seven and eight.

2. In each of said instructions the court informed the jury what facts appellee should establish by the evidence to entitle him to recover. In each of said instructions the assumption of risk on the part of appellee was ignored, although it was alleged in the complaint that appellee had no knowledge of the dangerous and unsafe condition of said path, and that appellant knew said path was

unsafe and dangerous. Under said allegations, appellee was required to prove not only that he had no knowledge of the unsafe and dangerous condition of said path, but that he could not have known that the same was dangerous and unsafe by the exercise of ordinary care. If he had knowledge of said defect or danger, or could have had such knowledge by the exercise of ordinary care, he assumed the risks resulting therefrom if thereafter he voluntarily continued in the service. *Chicago, etc., R. Co.* v. *Glover* (1900), 154 Ind. 584, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman* (1904), 162 Ind. 85, 101, 102 Am. St. 185, and cases cited; *Grand Trunk, etc., R. Co.* v. *Melrose* (1906), 166 Ind. 658, 668-672 and cases cited.

The burden of proving nonassumption of such risk was upon appellee.

As said instructions informed the jury in plain terms that appellant would be liable to appellee in damages if the jury found from the evidence the facts therein stated, without regard to the actual or constructive knowledge of the appellee, they were clearly erroneous. *Chicago, etc., R. Co.* v. *Glover, supra,* page 587, and cases cited; *Indianapolis, etc., Transit Co.* v. *Foreman, supra,* page 101; *Grand Trunk, etc., R. Co.* v. *Melrose, supra,* pages 671, 672, and cases cited. Said instructions were erroneous for the further reason that each omitted the essential fact of appellant's actual or constructive knowledge of said alleged defects in said path.

Such instructions could not be corrected by another correctly stating the law. This could only be accomplished by withdrawing said instructions from the jury, which was not done. *Chicago, etc., R. Co.* v. *Glover, supra,* page 587, and cases cited; *Rahke* v. *State* (1907), 168 Ind. 615, 621, 622, and cases cited.

It follows that the court erred in overruling appellant's motion for a new trial.

Other questions are argued; but, as they may not arise upon another trial, they are not determined.

Judgment reversed, with instructions to sustain appellant's motion for a new trial, and for further proceedings not inconsistent with this opinion.